UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DELTA AIR LINES, INC.,

                                                         Plaintiff,

                          -against-                          **ANSWER TO COMPLAINT**

THE NEW YORK CITY DEPARTMENT OF              17 CV 1343 (ILG)(RML)
CONSUMER AFFAIRS

and

LORELEI SALAS, in her official capacity as
Commissioner of the NEW YORK CITY DEPARTMENT
OF CONSUMER AFFAIRS,

                                                        Defendants.

------------------------------------------------------------------- X

        Defendants, the New York City Department of Consumer Affairs ("DCA") and Lorelei Salas, in her official capacity as DCA commissioner, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that the Plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the Plaintiff purports to proceed as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the Plaintiff purports to proceed as set forth therein, and aver that DCA and the Plaintiff have executed a stipulation to stay the administrative proceedings described therein pending resolution of the instant Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the Plaintiff invokes the jurisdiction of this Court as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the Plaintiff invokes the jurisdiction of this Court as set forth therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to 28 U.S.C. §§ 2201 and 2202 for their full text and true meaning.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the Plaintiff bases venue as set forth therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Neither admit nor deny the allegations set forth in paragraph "9" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that the Plaintiff operates in the City of New York and employs individuals who work within its borders.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that DCA is an administrative agency established by Chapter 64 of the New York City Charter ("Charter") and has the powers and duties set forth therein, and further admit that DCA has authority to enforce the Earned Sick Time Act (the "Act") pursuant to Title 20, Chapter 8 of the New York City Administrative Code ("Administrative Code").

12. Deny the allegations set forth in the first sentence of paragraph "12" of the Complaint, except admit that Defendant Lorelei Salas is the DCA Commissioner and has the

powers and duties set forth in Chapter 64 of the Charter, and further admit that Ms. Salas is being sued in her official capacity. Deny the allegations set forth in the second sentence of paragraph "12" of the Complaint, and respectfully refer the Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that the Plaintiff operates out of John F. Kennedy International Airport and LaGuardia Airport, and that both airports are located in the City of New York.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that the New York City Council passed the Act and that the Act became effective on April 1, 2014, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

38. Deny the allegations set forth in paragraph "38" of the Complaint insofar as they allege or purport to allege that the Defendants violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights, including that the Act is preempted by the Airline Deregulation Act, violates the dormant commerce clause, violates the prohibition against extraterritoriality, or is unconstitutionally vague.

39. Deny the allegations set forth in paragraph "39" of the Complaint, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

40. Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

41. Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

42. Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

43. Deny the allegations set forth in paragraph "43" of the Complaint, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

44. Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer this Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that, on March 4, 2016, pursuant to its authority under the Act, DCA promulgated rules following a notice and comment period that are codified in Title 6, Chapter 7 of the Rules of the City of New York ("RCNY").

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that DCA has published a Frequently Asked Questions regarding the Act on its website.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that DCA served a subpoena *duces tecum*, dated May 26, 2015, upon the Plaintiff on or about June 9, 2015, and further admit that DCA served another subpoena *duces tecum*, dated August 18, 2015, upon the Plaintiff on or about August 21, 2015.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that the Plaintiff delivered a letter to DCA on or about October 8, 2015.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that DCA served a subpoena *duces tecum*, issued on January 25, 2016, upon the Plaintiff.

50. Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to Title 20, Chapter 8 of the Administrative Code for the full text and true meaning of the Act.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that the Paid Sick Leave Petition seeks an order directing the Plaintiff to pay penalties to DCA and awarding relief to flight attendant employees covered under the Act, in amounts to be determined at trial, for the violations detailed therein, as well as any other such relief that the New York City Office of Administrative Trials and Hearings ("OATH") deems just and proper.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that the Act permits Delta employees to file complaints with DCA, that Delta employees have filed complaints to DCA regarding potential violations of the Act, and that there is a pending Paid Sick Leave Petition before OATH naming the Plaintiff herein as the respondent.

60. In response to the allegations set forth in paragraph "60" of the Complaint, the Defendants repeat and reallege their responses to paragraphs "1" through "59" of the Complaint as if fully set forth herein.

61. Admit the allegations set forth in paragraph "61" of the Complaint.

62. Neither admit nor deny the allegations set forth in paragraph "62" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

63. Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to 49 U.S.C. § 41713(b)(1) for its full text and true meaning.

64. Neither admit nor deny the allegations set forth in paragraph "64" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

65. Deny the allegations set forth in paragraph "65" of the Complaint, and respectfully refer the Court to 49 U.S.C. § 41713(b)(1) for its full text and true meaning.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit that the Plaintiff purports to proceed as set forth therein.

69. In response to the allegations set forth in paragraph "69" of the complaint, the Defendants repeat and reallege their responses to paragraphs "1" through "68" of the Complaint as if fully set forth herein.

70. Deny the allegations set forth in the first sentence of paragraph "70" of the Complaint, and respectfully refer the Court to the clause of the U.S. Constitution referenced therein for its full text and true meaning. Neither admit nor deny the allegations set forth in the second sentence of paragraph "70" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

71. Neither admit nor deny the allegations set forth in paragraph "71" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

72. Neither admit nor deny the allegations set forth in paragraph "72" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that the Plaintiff purports to proceed as set forth therein.

80. In response to the allegations set forth in paragraph "80" of the complaint, the Defendants repeat and reallege their responses to paragraphs "1" through "79" of the Complaint as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the petition, except admit that the City of New York is a municipal corporation in the State of New York.

82. Neither admit nor deny the allegations set forth in the first sentence of paragraph "82" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations. Deny the allegations set forth in the second sentence of paragraph "82" of the Complaint, and respectfully refer the Court to the section of the New York State Constitution referenced therein for its full text and true meaning.

83. Deny the allegations set forth in paragraph "83" of the petition.

84. Deny the allegations set forth in paragraph "84" of the petition, except admit that the Plaintiff purports to proceed as set forth therein.

85. In response to the allegations set forth in paragraph "85" of the complaint, the Defendants repeat and reallege their responses to paragraphs "1" through "84" of the Complaint as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the Complaint, and respectfully refer the Court to the section of the New York State Constitution referenced therein for its full text and true meaning.

87. Deny the allegations set forth in paragraph "87" of the Complaint, and respectfully refer the Court to the clause of the U.S. Constitution referenced therein for its full text and true meaning.

88. Neither admit nor deny the allegations set forth in paragraph "88" of the Complaint as they constitute legal argument to which no response is required; however, to the extent the Court deems a response necessary, deny the allegations.

89. Deny the allegations set forth in paragraph "89" of the petition.

90. Deny the allegations set forth in paragraph "90" of the petition.

91. Deny the allegations set forth in paragraph "91" of the petition.

92. Deny the allegations set forth in paragraph "92" of the Complaint, except admit that the Plaintiff purports to proceed as set forth therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94. The Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

95. The Act is constitutional, valid, and enforceable in all respects, including as applied to the Plaintiff.

**WHEREFORE**, the Defendants demand judgment dismissing the Complaint and awarding them costs and disbursements in this action.

Dated:       New York, New York
             May 18, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-4017

                                By:     _____
                                        Max Sarinsky